Argued and submitted January 5, reversed and remanded December 30, 2015

## Rina Chan HENG-NGUYEN,
*Plaintiff-Appellant,*

*v.*

## TIGARD-TUALATIN SCHOOL DISTRICT 23J,
*Defendant-Respondent.*

Washington County Circuit Court
C131214CV; A155842

365 P3d 1173

Michael N. Gutzler argued the cause for appellant. With him on the brief was Michael N. Gutzler, PC.

Haley Percell argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Plaintiff brought a personal-injury action against defendant Tigard-Tualatin School District 23J, alleging that she was injured in a car accident that was caused by an employee of defendant who was acting in the course of employment. The trial court granted summary judgment for defendant and denied partial summary judgment for plaintiff after concluding that defendant had not received timely notice under the Oregon Tort Claims Act (OTCA) of plaintiff's claim. Plaintiff appeals, contending that defendant had received timely notice of plaintiff's claim and, hence, that the court erred in granting summary judgment to defendant and denying partial summary judgment to plaintiff. We agree with plaintiff and reverse.

The underlying facts are uncontested. Plaintiff was driving her car on February 28, 2011, and made a left turn. Defendant's employee simultaneously attempted to make a left turn and hit plaintiff's car. Plaintiff spoke to Jensen, who represented defendant's liability insurance trust, the week after the accident. During that week, Jensen received two estimates of the cost to repair plaintiff's car. Both estimates suggested the cost to repair the car exceeded the value of the car. Plaintiff and Jensen agreed that defendant's liability insurance trust would pay plaintiff $6,030, slightly more than the car's value, and, in exchange, plaintiff would release defendant from all claims that she had against it except for a potential personal-injury claim. Plaintiff received a check from defendant. The front of the check stated, "full and final resolution of property damage only." The back of the check stated, "Endorsement of this check by Payee acknowledges a full and final release of all claims except personal injury claims against Tigard-Tualatin School District." Plaintiff cashed the check.

Plaintiff contacted Jensen a second time in August 2011. She told Jensen that she had discovered an additional $129 in property damage from the accident for damage to a child's car seat. Jensen offered to settle that claim for $70, which plaintiff accepted.

In March 2012—over a year after the accident—plaintiff told Jensen that she had suffered physical injuries

in the accident. Plaintiff later filed an action against defendant that sought $135,000 in damages for personal injuries caused by the accident. In its answer, defendant alleged that plaintiff's claim was barred by the OTCA because plaintiff had not given defendant timely notice of her claim.

The OTCA provides that no action may be maintained on a tort claim against a public body unless the public body receives timely notice of claim. *See* ORS 30.275(1). The notice requirement may be satisfied in any of four ways: (1) the plaintiff gives the public body formal notice of claim; (2) the public body receives actual notice of claim; (3) the plaintiff commences an action on the claim; or (4) the public body pays all or part of the claim. *See* ORS 30.275(3).

Defendant moved for summary judgment in its favor on plaintiff's claim, contending that it had not received notice of plaintiff's claim within 180 days after the accident. *See* ORS 30.275(2) (with limited exceptions, notice of claim must be given within 180 days after loss or injury). Defendant attached three documents to its motion. First, defendant submitted an affidavit from Jensen stating that he "did not have reason to believe that [plaintiff] wanted to pursue a personal injury lawsuit" until plaintiff filed her complaint against defendant. Jensen's affidavit further stated that "plaintiff alleged property damage to her vehicle" but she "never said she was physically injured, suffered emotional distress, or intended to sue the District" until more than a year after the accident. Second, defendant submitted Jensen's notes from his original conversation with plaintiff, where he wrote that plaintiff "does not appear to want to chase an injury claim at this point." Finally, defendant attached a "closing report" from defendant's claim office and its claims representative, listing plaintiff as the claimant and stating that "we reimbursed the claimant in the amount of $6,030." Plaintiff responded to defendant's motion by moving for partial summary judgment in her favor on whether defendant had received timely notice under the OTCA, relying on the documents that defendant had submitted in support of its motion.

The parties disagreed over whether the telephone conversation that plaintiff had with Jensen within a week of

the accident had given defendant actual notice of plaintiff's claim, which, as noted, is one of the four ways to satisfy the OTCA notice requirement.[1] ORS 30.275(6) defines "actual notice" of claim to be

> "any communication by which * * * the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body."

Plaintiff contended that her telephone call with Jensen satisfied those requirements.

Defendant disagreed. It contended that a reasonable person would have understood from plaintiff's call that plaintiff sought compensation for property damage to her car but not for personal injuries. Defendant reasoned, therefore, that, at most, it had received actual notice only of plaintiff's property claim. However, it also contended that a communication constitutes actual notice under ORS 30.275(6) only if the communication would lead a reasonable person to believe that the plaintiff intends to file an action against the defendant. Here, it noted, plaintiff asked only for money, which "is not the same thing as suing somebody."

The trial court granted defendant's motion and denied plaintiff's motion. The court subsequently entered a judgment dismissing plaintiff's claim, and plaintiff appeals. In appeals involving cross-motions for summary judgment, we review the record for each motion in the light most favorable to the party opposing it. *Johnson v. State Board of Higher Education*, 272 Or App 710, 712, 358 P3d 307 (2015).

We reject defendant's argument that it did not receive actual notice under the OTCA of plaintiff's personal-injury claim because plaintiff asked only to be reimbursed for the property damage to her car. That argument is

---

[1] The parties also disagreed about whether defendant had received notice under ORS 30.275(3)(d)—which provides that "payment of all or any part of the claim by * * * the public body" satisfies the OTCA notice requirement—when plaintiff received and cashed the check reimbursing her for the damage to her car. Given our disposition of defendant's actual-notice argument, we do not address that issue.

foreclosed by *Flug v. University of Oregon,* 335 Or 540, 73 P3d 917 (2003).

The plaintiff in *Flug* suffered from severe depression. In April 1995, the plaintiff made comments to her coworkers that suggested that she might harm others, and the defendant placed the plaintiff on administrative leave. Roughly a month later, the defendant told the plaintiff that she could return to work only if she obtained a release from her doctor that said that she was able to work full time and to perform all the functions of her job. The plaintiff hired a lawyer who attempted to negotiate the plaintiff's return to work with the defendant. From May to September 1995, the plaintiff's attorney and the defendant's attorney exchanged a series of letters, including one in which the plaintiff's attorney stated that the requirement that the plaintiff obtain a full release from her doctor "is almost certainly a violation of federal and state law prohibiting discrimination against employees with handicaps." *Id.* at 543 (internal quotation marks omitted).

The defendant ultimately fired the plaintiff. The plaintiff, in turn, sued the defendant on multiple theories of liability, including intentional infliction of emotional distress (IIED). The defendant sought summary judgment in its favor on the IIED claim on the ground that it had not received notice of plaintiff's intention to bring the IIED claim within 180 days of the alleged loss or injury, as required by the OTCA. The trial court granted summary judgment to the defendant. The plaintiff appealed, contending that the defendant had received actual notice of the claim through the letter that the plaintiff's attorney had sent the defendant's attorney in which the attorney had asserted that requiring the plaintiff to get a full release from her doctor violated state and federal law.

On review, the Supreme Court examined the actual-notice requirement of the OTCA. It began by noting that ORS 30.275(6) contains two clauses. The first clause requires that the communication provide the defendant with actual knowledge of the circumstances of *the* claim. The second clause provides that the communication must be one that would lead a reasonable person to conclude that the person

intends to assert *a* claim against the defendant. It reasoned that "the clear import of the contrasting choice of articles is that, although a plaintiff must provide a defendant with the facts * * * that relate to the specific claim * * * that a plaintiff ultimately asserts, the plaintiff need convey an intent[ion] to assert a claim only in general terms." *Flug*, 335 Or at 553. In other words, a defendant receives actual notice under ORS 30.275(6) when (1) a communication informs the defendant of the time, place, and circumstances of the incident that gave rise to the claim that the plaintiff ultimately asserts and (2) the communication would lead a reasonable person to conclude that the plaintiff intends to assert *a* claim. *Id.* at 554. That holding forecloses defendant's contention that plaintiff's phone conversation with Jensen had to be one that would lead defendant to conclude that plaintiff intended to assert a personal-injury claim against defendant in order for the conversation to constitute actual notice of claim under ORS 30.275(6) for that claim.

We also reject defendant's argument that actual notice is satisfied only if the communication would lead a reasonable person to believe that the plaintiff intends to file an action against the defendant. ORS 30.275(6) requires the communication to be one that would lead a reasonable person to believe that the plaintiff *intends to assert a claim* against the defendant. Asserting a claim and commencing an action under the OTCA are not the same thing. *See, e.g.*, ORS 30.275(4)(a) (formal notice of claim is a written communication containing a "statement that a claim for damages is or will be asserted against the public body").

Furthermore, the record, even viewed in the light most favorable to defendant, shows that plaintiff asserted a claim for property damage in her early March telephone conversation with Jensen. Both Jensen's affidavit and notes show that Jensen understood that plaintiff was asserting a claim for property damage. Jensen's affidavit explicitly states that "plaintiff asserts property damage." The notes and affidavit also state that Jensen understood that plaintiff did not intend to pursue a personal-injury claim, suggesting that he understood that plaintiff was asserting some other claim; otherwise, he would not have needed to specify

the type of claim that plaintiff did not intend to pursue. Additionally, Jensen referred to plaintiff as "claimant" in the closing report. Finally, the back of the check that Jensen sent to plaintiff stated that, by negotiating the check, plaintiff released defendant from all claims except a personal-injury claim. All of those facts indicate that defendant understood that plaintiff was asserting a claim against defendant for property damage arising from the accident.

The context in which the conversation occurred further supports that understanding. Plaintiff's car was damaged in an accident involving an employee of defendant who was acting in the course of employment. Plaintiff called defendant's liability insurance trust and asked it to reimburse her for the damage to her car. In that context, a reasonable person would have understood that plaintiff was asserting a claim against defendant for property damage. In sum, plaintiff asserted a claim against defendant within 180 days after the car accident involving defendant's employee and, thereby, timely gave defendant actual notice of claim. Hence, the trial court erred in granting defendant's motion for summary judgment and in denying plaintiff's motion for partial summary judgment.

Reversed and remanded.