AOYAGI, J.
*312 This case arises out of a bus crash on an icy stretch of Interstate 84 near Pendleton. The accident resulted in numerous deaths and injuries. Nearly two years later, plaintiffs filed this action against the state,[1] asserting negligence and wrongful death claims. The trial court granted summary judgment to defendants on the ground that plaintiffs had not provided timely notice of their claims under ORS 30.275, a provision of the Oregon Tort Claims Act. On appeal, plaintiffs assign error to that ruling, arguing that defendants had actual notice of plaintiffs' claims under ORS 30.275(6) or, alternatively, that plaintiffs substantially complied *95 with ORS 30.275(6).[2] For the reasons that follow, we affirm.
On review of a grant of summary judgment, we view the record in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. Jones v. General Motors Corp. , 325 Or. 404, 420, 939 P.2d 608 (1997). In this case, the facts relevant to the grant of summary judgment are largely undisputed.
Plaintiffs were participants in a nine-day bus tour that originated in Washington. On a December morning in 2012, the bus was travelling west on I-84, carrying 47 passengers. According to ODOT records, the air temperature had been below freezing for several days, and the area had ground fog, spots of ice, and a trace of new snow. The right westbound lane had been plowed recently, while the left westbound lane was in the process of being plowed for the first time in 15 hours. Plaintiffs' tour bus passed the snowplow *313 as it travelled west. A few miles later, the bus pulled into the left lane to pass a car in front of it in the right lane. Upon entering the left lane, the bus lost control, collided with a barrier, toppled over the guardrail, and plummeted down a 200-foot embankment. Nine passengers died, and many more were seriously injured.
ODOT responded to the scene to render aid, and, given the severity of the crash, immediately began an investigation. The ODOT district manager was one of the ODOT employees at the scene. Defendants do not dispute that ODOT had a full opportunity to investigate the circumstances of the crash.
Plaintiffs are a group of crash survivors, relatives of crash survivors, and personal representatives of people who died in the crash. Shortly after the crash, plaintiffs retained counsel and filed an action in Washington against the tour bus company, its owner, and the bus driver, asserting claims for willful or wanton misconduct and negligence. Approximately two months after the crash, plaintiffs' counsel requested a copy of the accident report and other information from the Oregon Department of Motor Vehicles (DMV), stating, "We represent several passengers in claims arising from the bus crash of 12/30/12 on I-84." The request named two crash survivors and attached a copy of the complaint filed in Washington.
In December 2014, nearly two years after the crash, plaintiffs filed this action against the state and ODOT, asserting claims for negligence and wrongful death. With respect to notice under ORS 30.275, plaintiffs pleaded that defendants had received "actual notice of the time, place and circumstances giving rise to Plaintiffs' claim, such that a reasonable person would conclude that Plaintiffs would intend to assert a claim against Defendants." Plaintiffs cited ODOT's investigation of the circumstances of the crash, ODOT's accident report, ODOT's involvement in the crash response, and the state's receipt of "formal notice under ORS 30.275 from some of the other bus passengers."
Defendants moved for summary judgment, arguing that plaintiffs had not complied with the notice requirement of ORS 30.275. The trial court agreed and granted summary *314 judgment. On appeal, plaintiffs assign error to that ruling, arguing, as they did below, that defendants received actual notice of plaintiffs' claims under ORS 30.275(6) or, alternatively, that plaintiffs substantially complied with ORS 30.275(6). We address each argument in turn.
States have sovereign immunity against tort claims unless they waive that immunity. Oregon has partially waived its immunity by enacting the Oregon Tort Claims Act, ORS 30.260 to 30.300. Under that act, tort claims *96 may be brought against the state, but they are subject to notice requirements and liability limitations. ORS 30.275 ; ORS 30.271. Of particular relevance here, an individual must give notice of intent to file an action against the state within one year for a wrongful death claim and within 180 days for any other claim. ORS 30.275(2) - (3).
ORS 30.275(1) provides that "[n]o action arising from any act or omission of a public body" shall be maintained "unless notice of claim is given as required by this section." The plaintiff "has the burden of proving that notice of claim was given as required by this section." ORS 30.275(7). It is undisputed that plaintiffs did not give "formal notice" of their claims under ORS 30.275(4). Plaintiffs maintain, however, that the state had "actual notice" of their claims under ORS 30.275(6) :
"Actual notice of claim is any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering tort claims on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim , where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body."
ORS 30.275(6) (emphases added).
Viewing the evidence in the light most favorable to plaintiffs, the trial court ruled that there was no genuine dispute of material fact regarding actual notice. We agree. As the Supreme Court has emphasized, ORS 30.275(6) requires not only that the state know the "time, place, and circumstances" of an incident, but also that "a reasonable *315 person would conclude" from the communication that "a particular person" intends to assert a claim against the state based on that incident. ORS 30.275(6) ; Flug v. University of Oregon , 335 Or. 540, 554, 73 P.3d 917 (2003). In other words, to survive summary judgment on the issue of actual notice, plaintiffs had to offer evidence sufficient to prove that the state knew about both the incident and plaintiffs' intent to assert claims against the state. Heng-Nguyen v. Tigard-Tualatin School Dist. 23J , 275 Or. App. 724, 726-30, 365 P.3d 1173 (2015).
There is no dispute that the state was well aware of the time, place, and circumstances of the bus crash. However, a reasonable factfinder could not find that the state had actual notice that these plaintiffs intended to assert claims against the state. Plaintiffs suggest that the state should have assumed that all of the bus passengers would sue the state, but that is speculative and untenable. Not everyone injured or killed in an accident on a public highway brings an action against the state, and it would be inconsistent with the Oregon Tort Claims Act to impose such an assumption. The hypothetical possibility of a claim is different from actual notice. As for plaintiffs' information request to the DMV, nothing in that letter suggests that plaintiffs intended to file a claim against the state. If anything, the letter and attached complaint suggested that plaintiffs considered the bus company, its owner, and the driver to be the ones at fault for the crash. We reject plaintiffs' argument that the trial court erred on the issue of actual notice under ORS 30.275(6).
Next, plaintiffs argue that, even if the state did not have actual notice of their claims under ORS 30.275(6), plaintiffs "substantially complied" with ORS 30.275(6). As the Supreme Court has recognized, the sufficiency of notice under the Oregon Tort Claims Act "must be determined with the object of the statute in mind, and technically deficient claims should not be barred where the purpose of the statute is served." Brown v. Portland School Dist. No. 1 , 291 Or. 77, 81, 628 P.2d 1183 (1981). In plaintiffs' view, the purpose of the notice statute has been served here because, even if the state did not have actual notice of plaintiffs' claims, the state knew about the bus crash and thoroughly investigated *316 it. Thus, plaintiff contends, the state's ability to defend itself has not been compromised by the lack of notice.
Even assuming without deciding that the concept of "substantial compliance" could be applied to actual notice under ORS 30.275(6), plaintiffs' argument erroneously assumes that ORS 30.275 serves only one purpose. It *97 does not. Certainly one of the purposes of the notice requirement is to give the state an opportunity to timely investigate claims that are going to be made against it. See Brown , 291 Or. at 82, 628 P.2d 1183 (discussing investigatory purpose). But it also serves other purposes, including facilitating prompt settlement of meritorious claims. See id . (discussing other purposes, including settlement); ORS 30.271(3)(d) (limiting liability for all claims arising out of a single accident or occurrence to $3.6 million). Thus, the lack of notice that these plaintiffs intended to pursue claims against the state arising out of the bus crash is not a "technical error" in an "otherwise valid notice." Brown , 291 Or. at 80, 82, 628 P.2d 1183 (holding that plaintiffs who sent notice by regular mail instead of certified mail, at time that ORS 30.275 required notice to be sent by certified mail, had "substantially complied" with the statute despite technical error). Rather, the deficiency goes to the heart of actual notice.
The trial court did not err in granting summary judgment to defendants.
Affirmed.

Defendants are the state and one of its agencies, the Oregon Department of Transportation (ODOT). We refer to the state and ODOT interchangeably for purposes of this opinion.

Plaintiffs also make a third argument on appeal-that strict application of ORS 30.275(6) would violate the equal protection clause of the Fourteenth Amendment to the federal constitution-but they did not make that argument to the trial court, and we conclude that it does not meet the requirements for plain error review. See ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may, in its discretion, consider a plain error."); State v. Brown , 310 Or. 347, 355, 800 P.2d 259 (1990) (requirements for plain error review). We therefore do not address it further.