NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOHAMAD HARIRI,

Plaintiff-Appellant,

v.

PORTLAND STATE UNIVERSITY,

Defendant-Appellee.

No. 17-35280
17-35584

D.C. No. 3:15-cv-01076-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding

Submitted October 11, 2018[**]
Portland, Oregon

Before: FISHER, CLIFTON, and CALLAHAN, Circuit Judges.

Plaintiff, Mohamad Hariri, appeals from the grant of summary judgment in

favor of defendant, Portland State University (PSU), on all of Hariri's claims.

Hariri also appeals from the district court's award of attorney's fees under 42

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1988.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

"We review de novo a district court's grant of summary judgment." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018).

The district court did not err in granting summary judgment on Hariri's claim for unlawful discrimination under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d).  Hariri's claim is subject to the *McDonnell Douglas* burden-shifting framework.  *Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014). PSU proffered a legitimate, nondiscriminatory reason for suspending Hariri and giving him a zero grade on his Chemistry 221 final exam:  After investigating the matter, PSU reasonably determined that Hariri cheated on his final exam by sending another person to take the exam in his place.  Hariri fails to show a triable issue of pretext.  None of Hariri's arguments discredit PSU's reasonable belief that Hariri cheated, nor do they provide a basis for concluding that a discriminatory reason more likely motivated PSU.[2]

---

[1]    The parties are familiar with the factual and procedural history of the case, and we do not recount it here.

[2]    Because we conclude that PSU proffered a legitimate, nondiscriminatory reason for its action and Hariri failed to show pretext, we need not address the district court's conclusion that Hariri failed to make a prima facie showing of discrimination.  We also do not address PSU's argument that summary judgment on Hariri's Title VI claim was appropriate because a claim for damages under Title VI requires a showing of "deliberate indifference" by officials other than the alleged wrongdoer and there is no evidence PSU was deliberately indifferent to discrimination.

2

The district court did not err in granting summary judgment on Hariri's procedural due process claim. To prove his claim, Hariri must show "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (alteration in original) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). Hariri had a liberty or property interest at stake, and he was deprived of that interest by his suspension by PSU. *See Goss v. Lopez*, 419 U.S. 565, 574–76 (1975).

Hariri concedes he was afforded the minimum due process as required under *Goss*. In sum: Hariri received notice of the specific charges against him and of their factual basis; Hariri received notice of a hearing and an opportunity to appear and present evidence and argument in opposition to the charges; before the hearing, Hariri was given an opportunity to speak with the PSU official conducting the investigation and hearing; when Hariri indicated he would not attend the hearing, PSU offered to postpone the hearing, but he asked that it go forward; and Hariri appealed the decision through PSU's administrative review process. Hariri argues, however, that PSU was required under the Due Process Clause to provide additional, unspecified procedural protections provided by Oregon's Administrative Procedures Act. Hariri's argument is contrary to *Roybal v. Toppenish School District*, 871 F.3d 927, 933 (9th Cir. 2017) (holding that the Due

Process Clause does not incorporate state law that "provides greater protection than federal law" on procedural due process rights).[3]

The district court did not err in granting summary judgment on Hariri's negligence claim. As a preliminary matter, Hariri's notice letter to PSU was sufficient to give notice "of the time, place, and circumstances of the incident that gave rise to the [negligence] claim that [Hariri] ultimately assert[ed]," and the letter "would lead a reasonable person to conclude that [Hariri] intend[ed] to assert a claim." *Heng-Nguyen v. Tigard-Tualatin Sch. Dist. 23J*, 275 Or. App. 724, 729 (2015). However, in light of the undisputed facts, a finder of fact could not reasonably conclude that PSU was unreasonable in either its investigation or its conclusion that Hariri cheated.[4]

"A district court's decision to award attorney's fees is reviewed for abuse of discretion." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1059 (9th Cir. 2006). "Elements of legal analysis and statutory interpretation that figure into the district court's attorney's fees decision are reviewed de novo." *Richard S. v. Dep't*

---

[3]     Because we conclude Hariri's procedural due process claim fails as a matter of law, we need not address PSU's argument that it is not a "person" within the meaning of 42 U.S.C. § 1983 and thus is immune from suit under the Eleventh Amendment.

[4]     Because we conclude Hariri's negligence claim fails as a matter of law, we need not address PSU's arguments that the alleged harm is not legally cognizable or that PSU is immune from the tort claim under the Oregon Tort Claims Act.

*of Developmental Servs. of Cal.*, 317 F.3d 1080, 1086 (9th Cir. 2003). "Factual findings supporting the decision are reviewed for clear error." *Tutor-Saliba Corp.*, 452 F.3d at 1060.

A prevailing defendant in an action under Title VI or § 1983 "is entitled to an attorney's fees award under [42 U.S.C.] § 1988 only when the plaintiff's action is 'frivolous, unreasonable, or without foundation,'" *id.* (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)), or if the action was brought in bad faith, *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422 (1978).

None of Hariri's assertions of error in the award of attorney's fees to PSU has merit. First, it was not improper for the district court to make factual determinations for the purpose of resolving the fees motion. Second, the district court did not award attorney's fees simply because Hariri lost on summary judgment. Rather, the district court's finding that Hariri in fact sent someone else to take the final exam for him—a finding that was not clearly erroneous—did not just negate an element of Hariri's claim; the finding that Hariri cheated implicated Hariri's knowledge and motives, suggesting that he knew his claims were meritless from the outset of the litigation. *See Tutor-Saliba Corp.*, 452 F.3d at 1061. Third, an award of attorney's fees where there is a supportable conclusion of bad faith and frivolousness does not have an impermissible chilling effect on the exercise of civil rights. Fourth, the district court's observation that PSU was forced to waste

5

public resources was not erroneous because it was premised on the conclusion that Hariri's lawsuit was frivolous. Fifth, although Hariri was entitled to due process even if he cheated, the district court did not abuse its discretion in concluding that the due process claim was frivolous. Hariri conceded that he was afforded all process due under existing law and our court had already rejected an argument for expanding federal procedural due process rights to include state-created rights. *See Lovell By & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) (holding that "Section 1983 offers no redress" where "the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution").

Citing *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189–90 (9th Cir. 2001), Hariri argues in a footnote that costs should also be denied. But *Brown* involved the Americans with Disabilities Act, which has different language regarding the entitlement to costs than does § 1988. Section 1988's costs provision is virtually identical to the Rehabilitation Act's costs provision, which we have held does not alter the standard rule that the prevailing party receives costs. *See Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1052 (9th Cir. 2009).

**AFFIRMED.**